# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIAM D. HAMBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00460** |
| | ) | |
| **TONY PARKER, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, has filed a pro so civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), which includes a request for leave to proceed *in forma pauperis* (IFP), that is, without prepaying fees and costs (*see id.* at 3; Doc. No. 1-1). However, because the relief Plaintiff seeks is properly pursued through a habeas corpus petition rather than under Section 1983, and due to the nature of his claim, the Court will dispose of this matter without addressing the filing fee.

Plaintiff alleges that Tennessee Governor Bill Lee and Tennessee Department of Correction (TDOC) Commissioner Tony Parker are displaying deliberate indifference to his risk of death from COVID-19 by refusing to grant him early release from prison (prior to his scheduled release in 2028) despite his age of fifty, underlying liver disease and high blood pressure, and proximity to potential sources of infection. (Doc. No. 1 at 1–2.) He alleges that "there is a coronavirus outbreak in Tennessee prisons spread by TDOC staff," "the staff mostly don't wear masks or gloves, I am not given gloves by TDOC staff, and food is served on trays touched by multiple inmates in the whole main kitchen" at MCCX. (*Id.* at 2.) Finally, Plaintiff alleges that a

"tier worker" in the pod where he lives has the virus, "and Tony Parker allowed him to work serving our food trays in May." (*Id.* at 2, 3.) Significantly, Plaintiff states three times that the only relief he seeks is his immediate release from prison. (*Id.* at 3.)

While a Section 1983 action may be the appropriate vehicle for "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility," an action seeking outright release from confinement "is the heart of habeas corpus." *Wilson v. Williams*, ---F.3d---, 2020 WL 3056217, at *5 (6th Cir. June 9, 2020) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (internal quotation marks omitted)). In *Wilson*, the Sixth Circuit held that medically-vulnerable inmates who claimed "that the constitutional violations occurring at [the prison] as a result of the pandemic can be remedied only by release" are "challenging the fact or extent, rather than the conditions, of the confinement" and therefore properly sought habeas relief. *Id.*; *see also Parmeley v. Trump*, No. 20-CV-00370-JPG, 2020 WL 1987366, at *2 (S.D. Ill. Apr. 27, 2020) ("Plaintiffs [(inmates at risk of COVID-19 infection)] request release, a remedy that is not available under Section 1983[.] . . . A petition for a writ of habeas corpus is the proper route if a prisoner is seeking 'what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation.'") (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). Likewise, Plaintiff in the case at bar cites the coronavirus outbreak in Tennessee prisons generally and at MCCX in particular, and makes only one demand for relief: his release from confinement. Therefore, Plaintiff's "sole federal remedy is a writ of habeas corpus," *Preiser*, 411 U.S. at 500, and the proper vehicle for seeking such remedy is a petition under 28 U.S.C. § 2241. *Wilson*, 2020 WL 3056217, at *5; *see also United States v. Costello*, No. 3:15-CR-72, 2020 WL 2341599, at *3 (M.D. Pa. May 11, 2020) (expressing "[n]o

2

doubt that a habeas petition under § 2241 is the proper vehicle for an inmate to challenge the fact

or length of confinement or the execution of his confinement" and to seek release).

Accordingly, this action is **DISMISSED without prejudice** to Plaintiff's ability to file a

Section 2241 petition in the Eastern District of Tennessee where he is confined. *See Rumsfeld v.*

*Padilla*, 542 U.S. 426, 444–47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge

his present physical custody within the United States, he should name his warden as respondent

and file the petition in the district of confinement."). For Plaintiff's benefit should he decide to

seek such relief, the Clerk is **DIRECTED** to mail Plaintiff a blank petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

3